IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

JAVIER ACEBEDO,

    Plaintiff(s),

CASE NO.: 2019- 018316 CA 0C

v.

COMPUTER TASK GROUP, INC.,
a Foreign Profit Corporation,

    Defendants.

_____/

## COMPLAINT

Plaintiff, JAVIER ACEBEDO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, COMPUTER TASK GROUP, INC. ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for Defendant's breach of agreement, quantum meruit, and unjust enrichment pursuant to Florida Law; and for unpaid wages and retaliation under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter the ("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

3. Defendant, COMPUTER TASK GROUP, INC., has a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto were and are engaged in interstate commerce.

4. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

5. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

6. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendant from on or about December 4, 2017 until on or about February 11, 2019.

9. At all times material hereto, Plaintiff and Defendant were engaged in an agreement whereby Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. Specifically, Defendant agreed to pay Plaintiff an annual salary of $80,000.00; however, Plaintiff was only paid $77,000.00.

11. As such, throughout Plaintiff's employment, Plaintiff was not paid at the proper minimum wage rate for many hours worked for Defendant as proscribed by the laws of the United Stated and the State of Florida.

12. Specifically, Plaintiff performed work for a Latin American Company (the "Client") through Defendant which closed intermittently for twenty-five (25) days per year.

13. On these days the Client was closed, Defendant would not pay Plaintiff.

14. Consequently, Defendant would force Plaintiff to take his Paid Vacation days in order to be paid for these days the Client was closed.

15. Plaintiff complained to Human Resources and his Supervisor about not being properly paid the wages owed to him and Defendant's unfair payment practices.

16. Shortly thereafter, on or about December 2018, Plaintiff was given a warning letter for "poor communication."

17. Plaintiff refused to sign the warning latter because he provided documentation to prove that the allegations were not true.

18. Nevertheless, Plaintiff was subsequently terminated due to his complaints of unpaid wages.

19. Any reason proffered by Defendant for the adverse employment action is mere pretext for unlawful retaliation in violation of the FLSA.

## COUNT I
### Breach of Agreement Against
### COMPUTER TASK GROUP, INC.

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this Complaint as if set out in full herein.

21. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for agreed upon Loaded Miles in violation of the laws of the United States and the State of Florida.

22. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against*
### *COMPUTER TASK GROUP, INC.*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this Complaint as if set out in full herein.

24. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

25. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

26. Defendant accepted Plaintiff's services to Defendant.

27. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all agreed upon Loaded Miles in violation of the laws of the United States and the State of Florida.

28. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against*
### *COMPUTER TASK GROUP, INC.*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this Complaint as if set out in full herein.

30. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

31. Defendant has knowledge of the services performed and provided by Plaintiff.

32. Defendant voluntarily accepted the services performed and provided by Plaintiff.

33. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all agreed upon Loaded Miles in violation of the laws of the United States and the State of Florida.

34. Plaintiff seeks damages for the value of the work performed to Defendant.

**WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Violation of FLSA / Minimum Wage Against*
### *COMPUTER TASK GROUP, INC.*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this Complaint as if set out in full herein.

36. During the course of Plaintiff's employment, Plaintiff was not properly compensated for many hours worked for Defendant.

37. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

38. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

39. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

40. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

41. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

42. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

43. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages.

and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *FLSA Retaliation Violation Against*
### *COMPUTER TASK GROUP, INC.*

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this Complaint as if set out in full herein.

45. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

46. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

47. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

48. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

   c. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

   d. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   e. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 6/18/19

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005